**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam, | No. CV-18-00455-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| University of Arizona, et al., | |
| Defendants. | |

On September 13, 2018, Plaintiff Rose Ann Karam filed a pro se Complaint in this matter. (Doc. 1.) In addition, she filed an Application for Leave to Proceed in Forma Pauperis (IFP) (Doc. 2) and a Motion to Allow Electronic Filing by a Party Appearing without an Attorney (Doc. 3). Facing an impending service deadline, Plaintiff filed a Motion for Status Update on her IFP (Doc. 7), an amended IFP application (Doc. 9), and a Motion for Extension of Time within which to Serve Complaint and Summons (Doc. 8). Approximately one month later, Plaintiff filed a recusal motion requesting the undersigned withdraw from this case due to an alleged conflict of interest. (Doc. 10.) Then, on February 11, 2019, Plaintiff filed a Request Ruling on In Forma Pauperis Application and Motion to Extend Time to Serve Defendants. (Doc. 11.) The Court will first address recusal.

**I.** **RECUSAL OF DISTRICT COURT JUDGE**

Plaintiff's motion asks this Court to recuse from further proceedings, stating that the Court's screening of her Complaint has taken far too long, and the undersigned has a

conflict of interest because he is an alumnus of the University of Arizona Law School. (Doc. 10 at 1.) To illustrate why the motions should have been addressed earlier, Plaintiff notes that her IFP motion in another case was granted by Magistrate Judge Bernardo P. Velasco within six days of filing. *Id*. at 1-2. She also claims the undersigned is biased and alleges a tenuous connection between the undersigned's former employment at the Pima County Attorney's Office and the unfortunate events she has suffered. *Id*. Notably, PCAO is not a named defendant in her case. Finally, she asserts that she will be filing a complaint against the undersigned in the future. *Id.*

A district court judge may recuse himself sua sponte if his impartiality as to the case at issue may reasonably be questioned or he has a personal bias against a party. 28 U.S.C. §§ 455(a)-(b); *see also United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Impartiality is an objective standard; it requires that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (citing *Clemens v. United States Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (quotation marks omitted).

However, a judge need not recuse simply because a litigant filed or threatens to file a lawsuit against the judge, *United States v. Sutcliffe,* 505 F.3d 944, 958 (9th Cir. 2007), or because the judge has issued an adverse ruling against the litigant, *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Moreover, the Ninth Circuit has conclusively determined that being an alumnus of the university which is the subject of litigation does not require recusal. *See e.g., United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (alumnus judge's yearly contribution to school was considered "minimal contact" not requiring recusal); *Maurey v. Univ. of S. Cal.*, 12 F. App'x 529, 532 (9th Cir. 2001), *as amended on denial of reh'g* (Aug. 23, 2001) (alumnus judge giving yearly contributions, engaging in fundraisers, and aiding in moot court competition at law school need not recuse); *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (without more, graduating

from the law school not reasonable basis for recusal).

The Court finds no cause to recuse from this matter. The undersigned's contacts with the law school are minimal. Neither is the Court is influenced by a potential lawsuit; such occurrences are an anticipated consequence of being a judicial officer. The Court apologizes for the delay in screening Plaintiff's claim, but there are significant differences between this matter and the matter before Magistrate Judge Velasco. Plaintiff's complaint before the Magistrate Judge lists one defendant and involves a request for records. *See* Complaint (Doc. 1), *Karam v. United States Dep't of Health and Human Servs.*, CV-18-00454-JGZ-BPV (D. Ariz. Sept. 9, 2018). In contrast, the instant matter lists over twenty-five defendants–both entities and individuals–and involves multiple federal statutes and a state tort claim. This requires a thorough examination and therefore more time for screening. Plaintiff's recusal motion is denied. (Doc. 10.)

## II. IFP APPLICATION

Generally, parties who file an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, 28 U.S.C. § 1915 permits indigent plaintiffs to apply for a fee waiver. Before granting a plaintiff leave to proceed in forma pauperis, the Court must decide whether the litigant is truly unable to pay filing fees. 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). Good cause appearing, the Court will grant the Application for Leave to Proceed in Forma Pauperis (Doc. 2), rendering the IFP status motion (Doc. 7) and the amended IFP (Doc. 9) moot. Furthermore, the Court will grant Plaintiff's motion to permit electronic filing. (Doc. 3.)

## III. STATUTORY SCREENING OF IFP COMPLAINT

Even if the Court finds that a litigant is unable to pay, it has an additional, statutory obligation to screen a complaint before it may be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Additionally, a district court must screen and dismiss actions filed by a plaintiff proceeding in forma pauperis if the action

"seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B), or fails to plead a cognizable legal theory, *Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

District Court screening orders apply the same standard as applied to a Federal Civil Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

If the plaintiff "fails to state a claim on which relief may be granted," the district court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the

addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal, *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

### IV. PLAINTIFF'S COMPLAINT

Tucson resident Rose Ann Karam filed suit against the University of Arizona ("U of A"), the Southern Arizona Veterans Administration Health Care ("VA"), Davis Monthan United States Air Force Base ("Davis Monthan"), and 26 persons who may be employees of, or somehow affiliated with, these entities. She alleges that as a student at the U of A College of Pharmacy, the defendants "unlawfully discriminated against Plaintiff on the basis of her disability, retaliated against her when she threatened to file a complaint with the Office of Civil Rights, engaged in intentional infliction of emotional distress [("IIED")], and participated in a civil conspiracy to undermine the Plaintiff's Civil Rights." (Doc. 1 at 8.) Plaintiff alleges violations under Title IX, 42 U.S.C. §§ 1983 and 1985, and state tort IIED. (Doc. 1 at 2.) Plaintiff seeks $6,000,000 in monetary and punitive damages. (Doc. 1 at 8.)

Plaintiff alleges she was admitted to the U of A College of Pharmacy in Fall 2014. (Doc. 1 at 2.) She claims she suffers from a learning disability which permits her to receive time-and-a-half during testing. *Id*. at 4. Soon after starting school, she believed others were discriminating against her. She alleges she received dirty looks, indifference, curtness, discouragement, and negative comments. *Id*. at 2-8. She also claimed that prior to a timed SOAP note assessment, she inquired as to whether she would receive additional time, but was initially denied. (Doc. 1 at 4.) She told the U of A Disability Resource Center that if her accommodations were not granted, she would file a complaint with the U.S. Department of Education. (Doc. 1 at 4.) Soon after, Plaintiff was given extended time on a SOAP note assessment, but this change occurred only after she had already completed two assessments. *Id*. at 4. A year later she was again denied accommodations for a timed SOAP assessment, and was only permitted extra time after emailing the Office of Institutional Equity. *Id*. at 6-7.

Plaintiff alleges she was subject to other acts of discrimination. On one occasion,

exams for students with accommodations were reviewed differently than those without such assistance. *Id*. at 7-8. Later, she was denied the ability to check out headphones for an exam. *Id.* Furthermore, Plaintiff's professor made her submit her exam before two other students who did not have accommodations. *Id*. at 5. Finally, she has faced various difficulties submitting her exams, which were only partially remedied after threatening to file a complaint. *Id*. at 6. Plaintiff claims that as a result her grades suffered. *Id*. at 4-8.

## V. TITLE IX VIOLATION

As a preliminary matter, Plaintiff states her claim is brought pursuant to Title IX (Doc. 1 at 2), but a Title IX [Education Amendments of 1972, § 901 et seq., 20 U.S.C.A. § 1681 et seq.] claims apply to sex discrimination. *See* 42 U.S.C. § 2000d-7; 20 U.S.C. § 1681 et seq. Plaintiff's Complaint pleads no facts connecting discrimination to her sex, only her disability. As such, it appears Plaintiff is attempting to raise a discrimination claim under Title II of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101 et seq. Discrimination under the ADA includes failure to make reasonable accommodations to an individual with a disability. 42 U.S.C. § 12182(b)(2(A)(ii). The Court will therefore construe the Complaint as raising an allegation of violations under the ADA. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may interpret allegations in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). As explained below, Congress has not abrogated sovereign immunity under § 1983, but has validly permitted claims under the ADA and Rehabilitation Act.

## VI. DEFENDANTS VA AND DAVIS MONTHAN

As to Defendants VA and Davis Monthan, Plaintiff merely states, "[t]he hostile environment continued into my rotations at the [VA and Davis Monthan]." (Doc. 1 at 8.) This statement lacks any detail connecting either the VA or Davis Monthan to any alleged grounds for relief. Because Plaintiff offers only vague and conclusory allegations, these Defendants must be dismissed.

## VII. DEFENDANT UNIVERSITY OF ARIZONA

The U of A, as a public university and agency of the state, is entitled to sovereign immunity–it cannot be sued without its consent. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999). This immunity extends to suits brought by the state's own citizens. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Furthermore, the U of A is not a properly–named Defendant. "[T]he Arizona Board of Regents (Board), as the governing body for Arizona's public universities, is the proper defendant for all actions against the University." *Ansel Adams Publ'g Rights Trust v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012); Ariz. Const. art. 11 §5; Ariz. Rev. Stat. § 15-1625. As such, the Court shall dismiss the U of A. If Plaintiff wishes to file an amended complaint against the U of A, she must name the proper defendant–i.e. the Board.

But, regardless of whether Plaintiff named either entity, the Board, like the U of A, is also treated as a state agent and enjoys immunity from suit under the Eleventh Amendment. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016)*; *Wanmei Ni v. Univ. of Ariz.*, No CV-14-02561-TUC-BGM, 2016 WL 9110175, *2 (D. Ariz. Mar. 14, 2016). Therefore, insofar as the Eleventh Amendment precludes actions against the State of Arizona, it also precludes suits against the U of A and the Board. But, "Congress may abrogate the State's Eleventh Amendment immunity . . . [if] Congress unequivocally expressed its intent to abrogate that immunity . . . and . . . acted pursuant to a valid grant of constitutional authority." *Lane*, 541 U.S. at 517.

### VIII. 42 U.S.C. § 1983

A claimant may not recover for violations under the ADA or Rehabilitation Act simply by filing a § 1983 claim. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity. . . . The Eleventh Amendment therefore bars [a § 1983] suit against the University and the Board of Higher Education alike." *See Rounds v. Or. Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1998). This preclusion is because a § 1983 claim "is not a vehicle to vindicate statutory rights secured by the Americans with Disabilities Act (ADA); rather, a plaintiff must sue under the ADA directly. . . . [Section] 1983 cannot be used to enforce rights created by a statutory scheme that already includes

comprehensive remedial measures." *Okwu v. McKim*, No. 2:10-cv-0653-GEB-KJM, 2011 WL 219565, at *5 (E.D. Cal. Jan. 19, 2011); *see also Rounds*, 166 F.3d at 1035 (9th Cir. 1999) (university and board of regents cannot be sued under § 1983). Plaintiff's § 1983 claim is dismissed with prejudice, because it fails to state a cognizable legal theory and amendment is futile.

IX.    **ADA AND § 504 REHABILITATION ACT**

The Ninth Circuit has clearly determined that Congress validly abrogated state's immunity under Title II of the ADA and the § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791,

Discrimination under the Rehabilitation Act and Title II of the ADA require reasonable accommodations for people with disabilities. *See* 34 C.F.R. §104.44(a); 28 C.F.R. §35.130(b)(7). A prima facie case under either Title II of the ADA or the Rehabilitation Act must show that (1) the claimant is disabled; (2) she is otherwise qualified, even absent the accommodation; (3) she was excluded from the services desired because of her disability; and (4) that the program in question "receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim)," *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999); 29 U.S.C. § 794(a); 34 C.F.R. §§ 104.3(l)(3), 104.4(a).

In addition to requiring pleading of the aforementioned elements, monetary relief in a Title II ADA or Rehabilitation Act claim may only be rewarded if the plaintiff can show deliberate indifference–meaning a defendant was aware of specific accommodations that were requested wherein a denial of that request was likely to result in a denial of a federally protected right, and the defendant failed to act. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

Plaintiff states she has a disability that was known to the U of A and required her to have extra time on exams. (Doc. 1 at 4.) She has therefore pleaded the first element of an ADA and Rehabilitation Act claim. Second, while her grades have allegedly suffered, she is or was passing her classes; she is therefore qualified for the accommodation sought; that

is, "[s]he is able to meet the educational institution's essential eligibility requirements with or without the aid of reasonable accommodations." *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1046 (9th Cir. 1999). Finally, the U of A is a public institution.

Plaintiff further claims that she requested appropriate accommodations from the U of A who was aware of her needs, and the U of A denied her those accommodations on multiple occasions. However, Plaintiff has not pleaded the U of A either receives federal funding or is a public entity. At this stage, Plaintiff's allegations are insufficient. However, Plaintiff may be able to resolve the disparities in the Complaint by substituting the proper party and alleging additional facts.

### X. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

IIED tort claims are not controlled by federal laws or the Constitution, so this Court must apply Arizona substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To show IIED, the Plaintiff must plead that (1) defendant engaged in "extreme" and "outrageous" conduct, (2) the conduct was intentional to cause or recklessly disregarded the likelihood that such conduct would result in emotional distress, and (3) the conduct in fact resulted in emotional distress. *McKee v. State*, 388 P.3d 14, 20 (Ariz. Ct. App. 2016). "[T]he plaintiff must show that the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Johnson v. McDonald*, 3 P.3d 1075, 1080 (Ariz. Ct. App. 1999) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. App. 1969). This is a daunting standard.

Here, Plaintiff's claim does not raise to the level of being atrocious behavior intolerable in society. Plaintiff contends that she has generally suffered from dirty looks, disdain, and discouragement from teachers and students alike. She asserts that she was denied accommodations, but was later given certain assistance after she asked for it. The facts do not suggest that the actions were intended to inflict emotional distress, but were more likely insensitive and rude. The Court will dismiss this claim.

### XI. CONSPIRACY

To state a prima facie case of conspiracy under 42 U.S.C. § 1985(c), plaintiff must demonstrate (1) a conspiracy existed that was (2) intended to "deprive the plaintiff of the equal protection of the laws," (3) there was an act in furtherance of such conspiracy, and (4) that act resulted in injury to plaintiff. *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998).

Plaintiff has not shown that there was a conspiracy to prevent her from receiving accommodations. Reading the Complaint liberally, at most she suggests that an unknown psychiatric provider may have revealed personal information about her to another instructor which may have sparked rumors about her disability. This does not provide a sufficient basis for a conspiracy. She has not indicated who the parties to the conspiracy were, how they engaged in a conspiracy, or how the conspirators' actions injured her. The Court therefore dismisses this claim.

### XII. INDIVIDUAL DEFENDANTS

It is unclear from the Complaint whether the individuals named are being sued in their official or individual capacity. Either way, these defendants are precluded from suit. It is well established that state officials acting in their official capacity enjoy sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); *Hopkins v. Clemson Agr. Coll. of S.C.*, 221 U.S. 636, 644-45 (1911). On the other hand, individual defendants in their individual capacity are not liable for violations of the ADA or Rehabilitation Act because only "public entities" (in the case of the ADA, 42 U.S.C. § 12132), and "program[s] or activities" (in the case of the Rehabilitation Act, 29 U.S.C. § 794(a)), are liable for such violations. *Vinson v. Thomas*, 288 F.3d 1145, 155-56 (9th Cir. 2002); *see also Garcia v. LA Cty. Metro. Transp.*, 2015 WL 641223 (C.D. Calif. Feb. 13, 2015). An individual is considered neither.

Regardless, several named Defendants are not even mentioned within the Complaint. Such is the case for Janet Cooley, Jenene Spencer, Katherine A. Liu, Louis Feldman, Suzanne Toyama-Bodnar, Major Michele Serrano. Moreover, Plaintiff mentions a Dr. Davis, but there are two Davis defendants, and it is unclear to which she is referring. And while Plaintiff alleges facts about defendants Lisa Goldstone, Terri Warholak,

Christopher Hulme, Daniel Malone, Jeannie Lee, Theordore Tong, Tara Evanko, and Elizabeth Hall-Lipsy, their alleged actions, while potentially rude, do not constitute discrimination. These actions included: vague derogatory threats; discouraging, avoiding, and giving dirty glares to Plaintiff; making unknown sarcastic remarks; cutting Plaintiff's presentation short; being unavailable; not responding to emails; and "mak[ing Plaintiff's] life unnecessarily difficult." (Doc. 1 at 7.) Plaintiff's claim against all individuals will be dismissed.

### XIII. LEAVE TO AMEND

If Plaintiff chooses to file an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS ORDERED:

1. Plaintiff's motion for recusal is DENIED. (Doc. 10.)

2. Plaintiff's Application for Leave to Proceed in Forma Pauperis (IFP) is GRANTED without prepayment of costs or fees or the necessity of giving security therefore. (Doc. 2.)

3. Plaintiff's Motion to Allow Electronic Filing by a Party Appearing without an Attorney is GRANTED. (Doc. 3.)

4. Plaintiff's Motion for Status Update on her IFP (Doc. 7); Amended Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 9); Motion for Extension of time within which to Serve Complaint and Summons (Doc. 8); and Request Ruling on In Forma Pauperis Application and Motion to Extend Time to Serve Defendants (Doc. 11) are DENIED as moot.

5. Plaintiff's Complaint is DISMISSED. Plaintiff's § 1983 dismissal is with prejudice; all other claims are dismissed without prejudice.

6. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order. If Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 12th day of February, 2019.

Honorable Raner C. Collins
United States District Judge