IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>University of Arizona, et al.,<br><br>　　　　　Defendants. | No. CV-18-00455-TUC-RCC<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Second Motion for Reconsideration. (Doc. 25.) Plaintiff asks the Court to reconsider its dismissal of her §1983 claim with prejudice.

　　　　Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Granting such a motion may occur when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The motion is not a means to raise arguments that could have been raised in earlier proceedings, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor to reargue the same matter, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581,

586 (D. Ariz. 2003). Mere disagreement with the court's determination is not reason enough to warrant reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff vaguely states there is "newly discovered evidence" and facts that "would substantiate her claims and remedy the deficits" but includes no detail why the Court's determination was in error. In addition, her claim of newly discovered evidence lacks any factual support as to why the Court should reconsider its determination and is conclusory.

In addition, Plaintiff asks for an extension of time to file a Notice of Appeal to the Ninth Circuit. In general, an appellate court may only review a district court's final decision under 28 U.S.C. § 1291 when a district court order is final; meaning the order disposes of all claims and parties. *See Nuwintore v. United States*, No. CV-13-0967-AWI-JLT, 2014 WL 7335215, at *1 (E.D. Cal. Dec. 19, 2014). There is no final judgment disposing of all claims and parties in this matter to appeal. An extension to file an appeal is therefore unnecessary and will be denied. Plaintiff may file a Notice of Appeal upon a final determination in this Court.

Finally, the Court notifies Plaintiff that she is required to provide service of the Summons, First Amended Complaint, and its April 24, 2019 Order on each Defendant within 90 days of filing her First Amended Complaint or 60 days of the Court's April 24, 2019 Order. She has not yet served Defendants. Failure to provide timely service shall result in dismissal with prejudice of any Defendants not served.

Accordingly, IT IS ORDERED Plaintiff's Motion for Second Reconsideration of Dismissal of Section 1983 with Prejudice or Motion for Extension of Time to File Notice of Appeal is DENIED. (Doc. 25.)

Dated this 20th day of May, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge