**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam,<br><br>    Plaintiff,<br><br>v.<br><br>University of Arizona, et al.,<br><br>    Defendants. | No. CV-18-00455-TUC-RCC<br><br>**ORDER** |

On January 16, 2020, Plaintiff filed a Notice of Interlocutory Appeal in the Ninth Circuit. (Doc. 142.) Plaintiff attempts to appeal the Court's dismissal of Defendants Southern Arizona Veterans Administration Health Care; United States Air Force, Davis-Monthan Air Force Base; Genoa Healthcare; Banner University Medical Center; and the partial dismissal of the Arizona Board of Regents. *See id.*

The Ninth Circuit may review an appeal of a final order, but the order must dispose of all defendants. *See Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("Under federal law, . . . dismissal [pursuant to Fed. R. Civ. P. 12(b)] as to only one of several defendants is appealable when, . . . it has merged into the final judgment). This is true even when a court grants partial summary judgment in a plaintiff's favor; the partial summary judgment order may only be appealed after there is a final order granting summary judgment for the defendant. *See Interstate Prod. Credit Assoc. v. Firemen's Fund Ins. Co.*, 944 F.2d 536, 538 n.1 (9th Cir. 1991) ("[A]n appeal from a final judgment draws in

question all earlier, non-final orders and rulings which produced the judgment."). "An attempt to appeal a nonfinal decision of a district court remains just that, an attempt; it is a nullity and does not divest the trial court of its jurisdiction." *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563, 567 (10th Cir. 1979). Moreover, an "application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). It is within the district court's discretion whether to allow an appeal from an order that does not dispose of all the claims and parties, or whether denying an appeal is appropriate to "preserve the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Not all Defendants were dismissed on summary judgment. Because there is no final order disposing of all Defendants, an appeal to the Ninth Circuit is premature. Furthermore, any advantage to permitting an interlocutory appeal under Rule 54(b) is not outweighed by the interest in preventing piecemeal appeals. Therefore, the Court refuses to direct an entry of final judgment under Federal Rule of Civil Procedure 54(b) as to the dismissed parties and claims, and the Notice of Appeal has no effect on the District Court's jurisdiction or the progress of this case. The parties are still required to continue litigating this matter in this Court, meet deadlines, and respond to any filed motions.

IT IS SO ORDERED.

Dated this 22nd day of January, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge